[Opinion delivered March 27, 1883.]

WM. McFADDIN ET AL. v. SAMUEL H. WILLIAMS.

(Case No. 1241.)

1. LACHES.— An executory contract to convey an interest in land on the procurement of a patent· therefor, and for services rendered to obtain it, will not be enforced after the lapse of more than twenty years after the right of action accrued, during which limitation could run, in the absence of facts to satisfactorily account for and excuse so long a delay.
2. SAME — PRESUMPTION.— After so great a lapse of time the presumption will be that some other arrangement was made between the parties, which satisfied or annulled the bond under which the land was to be conveyed in consideration of procuring the patent.
3. CASES APPROVED.— Reed v. West, 49 Tex., 248, and Glasscock v. Nelson, 26 Tex., 154, approved.

APPEAL from Jefferson. Tried below before the Hon. H. C. Pedigo.

Appellee brought this suit of trespass to try title against appellants and others March 29, 1876, to recover an undivided one-half interest in the land described in the petition. He claimed as the sole heir of Hezekiah Williams, deceased, by and through a bond for title executed by Absalom Williams and wife to Hezekiah Williams, dated May 7, 1838, by the terms of which Hezekiah Williams was to have located, surveyed and pay the government dues on one league and labor of land, the headright of Absalom Williams, and upon the securing of patent they were to convey to him an undivided one-half of the same.

By supplemental petition it was in effect alleged that Hezekiah Williams had complied with the terms of the bond, and that patent issued to Absalom Williams for twenty and one-half labors involved in this suit November 26, 1841; that Hezekiah Williams went to Louisiana in 1840, and there remained and died May 7, 1851, and that appellee became of age in 1871. The appellees answered by plea of not guilty, three, five and ten years' limitation, and non-entry for ten years.

The case was tried by the court and judgment was rendered against the appellants each, among others, for distinct parcels of the land.

The errors assigned, which are material, questioned the correctness of the judgment, *first*, upon the ground that the finding was against the evidence on the issue of limitation or stale demand; *secondly*, that the finding was not supported by the evidence.

The testimony in regard to the service being performed by H. Williams in the procurement of patent, etc., for the league and labor of land under his contract, while voluminous, was uncertain, confused, and consisted largely of the doubting recollections of witnesses. Its detail, while consuming much space, would serve no useful purpose in illustrating the principles announced.

*Tom J. Russell* and *Wm. Chambers*, for appellant.

. . . VI. Where an equitable title exists in and to an interest in lands by reason of a resulting or an implied trust, the trustee holding the legal title, and in actual possession, and he openly and notoriously repudiates the trust by words and acts, and claims the title and possession adversely to the claim of the beneficiary of the equitable title, and notice of such claim, actual or constructive, is brought home to the beneficiary, then the statute or law of limitation begins to run in favor of the trustee holding the legal title, and the claim of the beneficiary is barred, in analogy to the statute of limitations, in ten years. Tinnen *v.* Mebane, 10 Tex., 246; De Cordova *v.* Smith, 9 Tex., 129; Carlisle *v.* Hart, 27 Tex., 350; McKin *v.* Williams, 48 Tex., 89; Reed *v.* West, 47 Tex., 240, sixth paragraph of syllabus; Bell *v.* Warren, 39 Tex., 106, second paragraph of syllabus; Mills *v.* McMasters, 30 Tex., 591, 2 Story's Eq., 735.

VII. The time of limitation begins to run in favor of the holder of the legal title when the right of action accrues against him, the first day when a suit might be instituted by an adverse claimant, or when the beneficiary of a trust may demand title. Dugan ‹ ville, 8 Tex., 126; 13 Tex., 484; McKin *v.* Williams, 48 Tex., ɛ Tex., 350; Angell on Lim., 464.

VIII. A legal or an equitable right or title in or to lands may be lost by long negligence in claiming or enforcing a claim to the same; and courts of equity will not decree a specific performance against the obligee in a bond. See De Cordova *v.* Smith, 9 Tex., 129; McMasters *v.* Mills, 30 Tex., 591; Rogers *v.* Green, 35 Tex., 735. For an analogous case of facts of stale demand, see Smith *v.* Hampton, 13 Tex., 459; Hanks *v.* Enloe, 33 Tex., 624.

IX. That the plea of laches or stale demand is good in favor of a trustee, and will run in his favor in case of a resulting or an implied trust (cases cited *supra*), and will begin to run when the claimant has the right to bring an action for specific performance, and bars the right of recovery in ten years. Yeary *v.* Cummins, 28 Tex., 91. H. Williams had constructive notice of the issuance of the title to the land, December 11, 1841, the day on which the patent was recorded.

X. When a party has a legal title to or an equitable interest in lands, and knows that he has such title or interest, and has actual or constructive notice that others are purchasing and paying for portions of said land, going into actual possession thereof, and making valuable improvements thereon, and stands by and says nothing, and does not give notice of his title or interest to and in such land to said purchasers, he is forever barred from asserting his title or claim against said purchasers. Snow *v.* Walker, 42 Tex., 154; Watson *v.* Hewitt, 45 Tex., 472, third paragraph of syllabus; Mayer *v.* Ramsey, 46 Tex., 371; Johnson *v.* Byler, 38 Tex., 606; id., 253; Williams *v.* Chandler, 25 Tex., 4, fifth paragraph of syllabus; 21 Tex., 248; 17 Tex., 318; 1 Story's Eq., § 387; 2 Smith's Leading Cases, p. 466, note; 51 N. H., 324; 40 Iowa, 540; Ford *v.* Loomis, 33 Mich.; 63 Pa., 97; 14 Ohio, 414; 25 Conn., 118; Southern Law Review, January, 1877, "Estoppel," 644.

XI. Where one has title or interest in lands, and does not know that he has such right, and stands by and gives no notice to one who purchases and pays for the land, and makes no objection thereto, he is estopped from asserting his claim against said purchasers. Mayer *v.* Ramsey, 46 Tex., 371; Stevens *v.* Dennett, 51 N. H., 324; 1 Story's Eq., § 384 *et seq.;* 6 Johns. Ch., 166; 27 Barb., 595; 53 Pa., 348; 39 Iowa, 413; 49 Mo., 231; 25 Ind., 458; 14 Ohio, 416; 44 Ala., 297; Southern Law Review, 644, *supra.*

*O'Brien & John,* for appellee.— The court did not err in holding that there was sufficient evidence adduced by the plaintiff on the trial to establish an equitable title in favor of plaintiff in the lands in suit (as specified in said ground [first] of appellant's motion for a new trial below). Hemming *v.* Zimmerschitte, 4 Tex., 167; Gibbon *v.* Bell, 45 Tex., 417; Smock *v.* Tandy, 28 Tex., 131; Wethered *v.* Boon, 17 Tex., 143; Emmons *v.* Oldham, 12 Tex., 19; id., 29; Scarborough *v.* Arrant, 25 Tex., 130; Bell *v.* Warren, 39 Tex., 110, 111; McLamore *v.* Heffner, 33 Tex., 514; Ross *v.* Armstrong, 25 Tex. Sup., 354; Huffman *v.* Cartwright, 44 Tex., 300; Hendrix *v.*

Nunn, 46 Tex., 146, 147, 148; Trammell *v.* McDade, 29 Tex., 364; Wethered *v.* Boon, 17 Tex., 148; Emmons *v.* Oldham, 12 Tex., 19, 27; Word *v.* Douthett, 44 Tex., 368; Tinnen *v.* Mebane, 10 Tex., 252; Yeary *v.* Cummins, 28 Tex., 91; Hunter *v.* Hubbard, 26 Tex., 546; Riddle *v.* Bickerstaff, 50 Tex., 155; McKin *v.* Williams, 48 Tex., 92; Reed *v.* West, 47 Tex., 240; Holman *v.* Criswell, 15 Tex., 398; Williams *v.* Talbot, 16 Tex., 1; Redding *v.* Redding, 15 Tex., 249; De Cordova *v.* Smith, 9 Tex., 149, 150; Hemming *v.* Zimmerschitte, 4 Tex., 167; Truehart *v.* McMichael, 46 Tex., 228; Portis *v.* Hill, 3 Tex., 279; Refugio *v.* Byrne, 25 Tex., 192; Rivers *v.* Foote, 11 Tex., 662; Story's Eq. Jur., paragraphs 64, 64*a*, 64*b*, 64*c*, 64*d*, 64*g*, 746, 747, 748, 771, 772, 773, 774, 782, 783, 784, 788, 977, 980, 1520*a*, 1521, 1541, 1542, 1543 and 1546; Cunningham *v.* Frandtzen, 26 Tex., 39; Wallace *v.* Trammell, 27 Tex., 328; Anderson *v.* Stewart, 15 Tex., 290.

WATTS, J. COM. APP.— While this suit is in form an action of trespass to try title, it in effect seeks the enforcement of an executory contract for the conveyance of the land. The patent issued to Absalom Williams on the 26th day of November, 1841, and was recorded in the county of Jefferson the 11th day of December, 1841. From the allegations contained in the petition it is shown that Hezekiah Williams returned to Louisiana in 1840, and there died May 7, 1851. This suit was instituted March 29, 1876. If, under any circumstances, this suit could be maintained after so great lapse of time, the burden would rest upon the appellee to clearly and satisfactorily show that Hezekiah Williams had complied with the terms of his contract. In this particular the evidence is wanting in intrinsic force and merit, conducing as strongly to the conclusion that Grigsby was acting in his own behalf as in behalf of Hezekiah Williams in carrying out the contract. And while it is not necessary to base the decision upon the ground that the judgment in this respect is not sustained by the evidence, yet an examination of the evidence as disclosed by the record leads inevitably to that conclusion.

Hezekiah Williams did not comply with the terms of his agreement as to the five and one-half labors first located in what is now Hardin county, while it is shown that Grigsby paid the government dues upon the land in controversy, taking the receipt therefor in his own name. Besides, Absalom Williams afterwards conveyed a portion of this land to Grigsby, which is consistent with the presumption arising from the lapse of time, that the matter had been otherwise adjusted and settled by the parties.

A right of action accrued to Hezekiah Williams, if ever, upon the issuance of the patent in 1841.   Prior as well as immediately and continuously after that time, Absalom Williams treated the land as his own, selling and conveying portions thereof upon different parts of the grant, in such way as to be inconsistent with the idea that he recognized any right in Hezekiah Williams to an undivided half interest in the land.   If, under the circumstances as developed in this case, Absalom Williams could be considered as having accepted the legal title to the extent of one-half in trust for Hezekiah Williams, then he repudiated that trust from the outset by the manner in which he conveyed portions of the land on different parts of the grant.   Besides, it appears that he occupied the land, claiming and dealing with it in every respect in a manner entirely inconsistent with his recognition of the existence of any such trust.   Then it would seem that limitation commenced to run against Hezekiah Williams from and after the issuance of the patent.

The rule is well settled, that where the holder of a bond for title has performed his part of the contract, the longest period known to our statute of limitations must elapse before the court will refuse a specific performance.   Reed v. West, 47 Tex., 248.

It has been frequently said that the courts were not inclined to fix a definite period as a bar to cases like this, the reason being that there might exist such equitable circumstances as would excuse the delay.

In Glasscock v. Nelson, 26 Tex., 154, the court said: "Unless there were equitable circumstances of no ordinary character to excuse or account for the delay, ten years would certainly be most ample time within which the remedy should be pursued."

Considering that limitation commenced with the issuance of the patent, it had run over nine years at the death of Hezekiah Williams.   And as no administration is shown to have been had upon his estate, following by analogy the statute of limitations, it commenced again to run May 7, 1852.   Pasch. Dig., arts. 4607, 4617.

From thence until suspended by the civil war, limitation continued to run for nearly nine years, and was the third time put into operation March 31, 1870, and continued for about six years, when it was again suspended by the institution of this suit.   Thus it appears that during the time from the issuance of the patent to the institution of this suit, that the statute of limitations was in active operation for more than twenty-four years.   No such extraordinary equitable circumstances are made manifest in this case as will account for or excuse such a delay.   After so great a lapse of time,

the presumption will generally be indulged that some other arrangement was consummated by the parties which satisfied or annulled the bond.

We conclude, and so report, that the judgment of the court below, so far as it relates to the appellants now before the court, be reversed, and that the supreme court now here render such judgment as should have been rendered by the court below. That is, that the plaintiff (below) Samuel H. Williams have and recover nothing of the defendants (below) Wm. McFaddin, John J. French, Jeff. Vestal and R. H. Leonard by reason of this suit; that they go hence, and recover of said Williams all costs in this behalf incurred.

REVERSED AND RENDERED.